The Court of Chancery ordered the Fidelity Union Trust Company as trustee of a mortgage made to Fidelity Union Title and Mortgage Guaranty Company, in liquidation, to sell the mortgaged premises and to accept an offer of $135,000 payable $30,000 cash and the balance secured by a purchase-money mortgage payable in ten years with interest at four per cent. per annum and amortization of two per cent. per annum, both interest and amortization together with one-twelfth of taxes assessed against the premises, payable monthly. Competitive bids for the property were made in court under direction of the Vice-Chancellor. The next highest bid offered was a cash offer of $116,800. Some days later a cash offer of $119,000 was made but later withdrawn. It was properly not considered by the court, as being irregularly made.
The property in question consists of an apartment house in Cranford on which a mortgage for $176,500 was foreclosed *Page 60 
and purchased in 1938 by the trustee at the foreclosure sale for $175,000 which it considered then as being its fair market value. The trustee held this property subject to the rights of the holders of participating mortgage certificates of the amount due, $176,500, issued under the mortgage, all of whom were given notice of the instant proceedings. It appears that the court was advised at the hearing of the wishes of some of the certificate holders, in person or by letter, holding certificates in the sum of $21,500 excluding those held by the trustee. A majority of these holders did not favor a sale for less than the mortgage indebtedness. Ida Klopstein, the holder of certificates for $3,000, objected to the acceptance of the $135,000 offer, and favored the acceptance of the cash offer of $116,800. She so advised the court. She is the appellant. The trustee individually and in various fiduciary capacities held certificates in the amount of $68,740 and favored the acceptance of the $135,000 offer.
The question therefore before the court was to decide which of the two offers, that of $116,800 in cash and that of $135,000 on the stated terms, was for the best interests of the holders of the mortgage certificates. The court, after due deliberation, concluded that the best interests of the investors would be served by the acceptance of the $135,000 offer, and advised an order accordingly. The question presented for our determination is not which offer in our judgment was the most advantageous in the circumstances, but rather was there an abuse of discretion by the court below in ordering the acceptance of the $135,000 offer. The matter was clearly for the exercise of the sound discretion of the court; and we conclude that there was no abuse of that discretion. Cf. Bothwell v. Godfrey, 114 N.J. Eq. 45.
The decree appealed from will be affirmed.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, THOMPSON, JJ. 13.
 For reversal — None. *Page 61